On Application for Rehearing.
Watkins, J.
This is a suit for the annulment of a judicial sale of certain real estate situated on Thalia street, in the city of New *1346 Orleans, which was adjudicated to the defendant on the 12th of January, 1869, under an order of sale made in the succession of D. L. Simonin, deceased, for the purpose of paying debts of the deceased.
Plaintiffs’ prayer is for judgment revoking the proceedings of the family meeting leading up to the order of sale, and the order of sale as well; and also condemning defendant to pay nine hundred dollars per annum rent since date of aforesaid sale.
The principal reasons assigned in the petition are that the recom - mendations of the family meeting of September 4, 1868, favoring a sale, and suggesting the necessity thereof, were solely predicated upon the fact that the deceased was indebted to the defendant, and that, upon those representations, the order of sale was granted, directing a sale to be made upon terms to correspond with the recommendations of the family meeting.
That at the sale the property in question was adjudicated to the defendant, ostensibly for five thousand dollars in cash, whereas the terms proposed by the family meeting, were one-half the price in cash, and the balance on a credit of one year, with interest.
. That in fact deceased was not indebted to the defendant, but through fraud and ill-practices he induced the erroneous belief that deceased was indebted to him, and, through their fraudulent representations, defendant inducéd the surviving widow and tutrix to sign an account of administration recognizing said debt.
That the statement in the account, as well as that in the deliberations of the family meeting, was made in error, and through the defendant’s misrepresentations and procurement.
For the foregoing reasons, mainly, plaintiffs allege that the sale to the defendant was a fraudulent simulation in the form and under the guise of a judicial proceeding and sale, suggesting some few irregularities, which are curable by five years’ prescription.
After tendering quite a number of exceptions and dilatory pleas, defendant made an answer, which was practically a general denial.
It is evident that the main question in the controversy was, and on this application must be, the existence vel non of an indebtedness of the deceased and of his succession to the defendant at the time the order was granted, and the sale of the property occurred. All else, at this late day, more than twenty years after the adjudication, must be esteemed of but little moment, in defendant’s title.
The District Judge, in his reasons for judgment, recognized this to be the controlling question in the case, for he says:
*1347 “ With the exception of court costs and expenses of last illness, the entire indebtedness of the succession was to the defendant Czarnowski. If that indebtedness was a real one there was full justification for Czarnowski’s action and almost exclusive control of the mortuary proceedings. If it was a fictitious one, then his assumption of control was a suspicious intermeddling, forming part of a scheme of spoliation through the forms of law.”
Taking this as the initial point in the controversy, what are the grounds on which he sustains plaintiffs’ claims and gives them a judgment?
He starts out with the proposition, that as Mrs. Simonin was contradicted, he disbelieved her testimony, and for certain reasons he viewed the testimony of the defendant with the greatest caution.
He then assigns as his reasons why he disbelieved in the existence of the defendant’s claim: (1) That no statement of this indebtedness was furnished until after the adjudication, and when filed it gave no particulars; (2) that by defendant’s own account, the deceased owed defendant only eight hundred and eighty dollars and sixty-seven cents on June 27, 1867, prior to his death, whereas it was increased to five thousand six hundred and eighty-two dollars and sixty-six cents after his death, and this included one thousand five hundred dollars and interest on a mortgage note; and this item seems to have been paid on the 29th of January, 1869, after the filing of the final account; (3) that it is shown by the records of the Peniston succession that the mortgage note in question was paid before the death of the deceased; but the judge stated that he could not, at the time he prepared his reasons, find any of the records of the succession of Peniston after diligent search.
These are all. He then adds:
“ On the whole, and without entering into a critical analysis of the testimony and other evidence * * * I am now satisfied of the correctness of the impression left on my mind at the close of the trial, that there existed in favor of Czarnowski no claim against Simonin at the date of his death.”
Our opinion takes up and fully and satisfactorily disposes of the matter by the statement that, prior to the death of Simonin, the defendant took up the mortgage note of the deceased; and that he retained it in his possession and produced it on the trial, and supported the correctness of this assertion by his sworn evidence. He further *1348 states that he made several payments of interest on that note for the deceased; and had taken up for him a due bill of eight hundred or nine hundred dollars due by deceased to his sister-in-law, Mrs. Parker.
With regard to the payment of the note to the succession of Peniston, to which it belonged, our opinion says this attack “was successfully met by the signed endorsement of Simonin himself, on the note in 1867, showing that it was on that date extended as to payment to 1st of January, 1868,” as contradistinguished from the allegation that it was paid in the Peniston succession in 1864.
This relation of proven and indisputable facts puts a quietus on the question of debt, and on the crucial question proposed by the District Judge; consequently the irresistible conclusion was, and still remains, that judgment ought to go in the defendant’s favor on the title.
We note, in this connection, that this question is not mooted in either the application or brief for rehearing. Its correctness thus stands confessed.